**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN E. REECE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-414 SRW |
| | ) | |
| CORPORAL UNKNOWN TEAGUE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons explained below, Plaintiff will be directed to provide the information necessary for service on Defendant Corporal Unknown Teague.

On or about March 23, 2026, Plaintiff filed a Complaint against Defendant Corporal Teague. ECF No. 1. Plaintiff identified the sole Defendant as a police officer employed by Warren County, Missouri. *Id.* at 2. On March 24, 2026, the Court directed Plaintiff to resubmit his complaint with his signature as required by Rule 11 of the Federal Rules of Civil Procedure. ECF No. 4. Plaintiff complied with the Court's Order and filed his Amended Complaint on April 3, 2026. ECF No. 5. The Amended Complaint is identical to the original Complaint except that he included his signature on the latter.

On October 9, 2026, the Court ordered that Defendant Corporal Teague be served with process, with issuance of summons and service by the U.S. Marshals Service at the Warren County Sheriff's Department, 104 West Main Street, Warrenton, Missouri 63383. ECF No. 15. On October 16, 2026, the U.S. Marshals Service filed a Process Receipt and Return stating that service could not be executed because "the officer listed on process is unknown to Warren County Sheriff's

Dept. They stated no one with the name of "TEAGUE" has been employed with them." ECF No. 17.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is Plaintiff's responsibility to provide the information necessary for service on the Defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). In consideration of Plaintiff's *pro se* status, the Court will give him twenty-one days from the date of this Order to provide information necessary for service on Defendant Corporal Unknown Teague. Plaintiff's failure to timely provide such information for Defendant, or show good cause for the failure to provide such information, will result in the dismissal without prejudice of the claims against that Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that by November 10, 2026, Plaintiff shall provide address information necessary to effect service of process on Defendant Corporal Unknown Teague.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely provide such information for Defendant, or to show good cause for the failure to provide such information, the Court will dismiss the claims against that Defendant without prejudice. *See* Rule 4(m), Fed. R. Civ. P.

Dated this 20th day of October, 2026.

STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE